KAREN L. LOEFFLER
United States Attorney

STEVEN E. SKROCKI
JOSEPH W. BOTTINI
YVONNE LAMOUREUX
Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 West Seventh Avenue, #9, Room 253
Anchorage, Alaska  99513-7567
Phone: (907) 271-5071
Fax: (907) 271-1500
Email: steven.skrocki@usdoj.gov
        joe.bottini@usdoj.gov
        yvonne.lamoureux@usdoj.gov

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | )  No.  3:11-cr-00022-RJB |
| | ) |
| Plaintiff, | )  MOTION TO TAKE VIDEOTAPED |
| | )  DEPOSITION PURSUANT TO |
| vs. | )  FED. R. CRIM. P. 15(a) |
| | ) |
| FRANCIS SCHAEFFER COX, | ) |
| COLEMAN L. BARNEY, and | ) |
| LONNIE G. VERNON, | ) |
| | ) |
| Defendants. | ) |

Pursuant to Rule 15(a) of the Federal Rules of Criminal Procedure, the

United States requests this Court to order that a videotaped deposition be taken to

preserve the testimony for trial of one witness, Diane Lindner, who is unavailable to testify at trial due to out-of-state travel plans.  This motion is made because of exceptional circumstances and in the interest of justice.

At trial, the government intends to introduce evidence that was seized pursuant to federal and state search warrants, including evidence seized by the Alaska State Troopers.  Search warrants for this investigation were executed on March 10 and 11, 2011, in the Fairbanks area on a variety of residences and vehicles.  Diane Lindner is an evidence custodian for the Alaska State Troopers in Fairbanks, Alaska.  The government requested a stipulation from defense counsel regarding chain of custody, but to date, defendants Cox and Barney do not stipulate to the chain of custody.[1]

The government does not intend to call every person who had custody of the evidence seized from the persons, vehicles (including trailer), and residences of Schaeffer Cox, Coleman Barney, Lonnie Vernon, Karen Vernon, Michael Anderson, and Ken Thesing.  That is not what is required by law.  *See Melendez-Diaz v. Massachusetts,* 129 S. Ct. 2527, 2532 n.1 (2009); *United States v.*

---

[1]The one exception is that the parties are currently in the process of working on a stipulation regarding the chain of custody for four items seized from the Vernons' residence on March 10, 2011 because the FBI Bomb Technician who found the four items will be unavailable to testify at trial because he will be in Iraq and overseas on leave during the trial.

*Harrington*, 923 F.2d 1371, 1374 (9th Cir. 1991); *United States v. Cardenas*, 864 F.2d 1528, 1531 (10th Cir. 1989).  If evidence is unique, readily identifiable, and relatively resistant to change, the government intends to introduce the evidence through the seizing law enforcement officer.  But where there could be an argument that the evidence was susceptible to tampering or contamination, absent a stipulation, the government intends to introduce chain of custody evidence to show that substitution, tampering, or contamination is improbable.  In order to satisfy the chain of custody requirement, the government need show only that it took reasonable precautions to preserve the original condition of the evidence and does not have to exclude all possibilities of tampering.  There is a presumption of regularity that attaches to the official acts of public officers, and absent affirmative evidence of tampering, it will not be presumed that investigators have tampered with items in official custody.  *See United States v. Lee*, 502 F.3d 691 (7th Cir. 2007); *United States v. Johnson*, 977 F.2d 1360-68 (10th Cir. 1992), *cert. denied*, 506 U.S. 1070 (1993); *United States v. Chemical Foundation*, 272 U.S. 1, 14-15 (1926).  In addition, generally defects in the chain of custody go to the weight of the evidence and not to its admissibility.  *Melendez-Diaz v. Massachusetts,* 129 S. Ct. 2527, 2532 n.1 (2009); *United States v. Matta-Ballesteros,* 71 F.3d 754, 769

(9th Cir. 1995); *United States v. Robinson*, 967 F.2d 287, 291-92 (9th Cir. 1992);

*United States v. Harrington*, 923 F.2d 1371, 1374 (9th Cir. 1991); *United States v.*

*Allen*, 619 F.3d 518, 525 (6th Cir. 2010); *United States v. Rawlins*, 606 F.3d 73,

85 (3d Cir. 2010); *United States v. Tatum*, 548 F.3d 584, 587-88 (7th Cir. 2008).

Diane Lindner, as evidence custodian for the Alaska State Troopers in

Fairbanks, Alaska, is on the chain of custody for the substantial majority of the

items seized by the Alaska State Troopers.  The government does not intend to call

Diane Lindner to testify about every item for which she is on the chain of custody.

But there are items which were in the custody of the Alaska State Troopers which

were subsequently released to the custody of other individuals within the Alaska

State Troopers and the FBI for examination and analysis.  The government intends

to call Diane Lindner to establish chain of custody for those phones, computers,

hard drives, CDs and DVDs which were sent out for further examination.

Diane Lindner is unavailable to testify at trial because she had made travel

arrangements to be outside the State of Alaska from May 1 through June 2 prior to

the Court rescheduling the trial of this matter for May 7, 2012.[2]  Defendants

---

[2]The government hopes that it will be finished with the presentation of its evidence prior
to June 2, 2012.  However, the government intends to call approximately 75 witnesses, plus
approximately 10 witnesses solely to establish chain of custody for items which were sent for
further examination by experts.

Vernon and Barney do not oppose this motion, but do not waive their presence during the deposition.  Defendant Cox opposes this motion and does not waive his presence during the deposition.

The United States respectfully requests that this Court enter an order authorizing the United States to take the videotaped deposition of Ms. Lindner in order to preserve her testimony for trial.  The United States also requests that the Court order that the defendants must be transported to the deposition unless they waive in writing the right to be present at the deposition.

Because of the Defendants' indication that they will exercise their right to be present during the deposition, the government asks that it be allowed to take Diane Lindner's deposition in a courtroom in Anchorage, Alaska.  The government also requests that the Court allow the government to arrange for the deposition to be videotaped in the courtroom.  Finally, the government requests that the Court participate either telephonically or in person at the deposition to resolve any objections.  The week of April 23 is available for all parties to schedule the deposition.

//

For the reasons set forth above, the United States respectfully requests that the Court grant this motion.

RESPECTFULLY submitted this 13th day of March, 2012, at Anchorage, Alaska.

KAREN L. LOEFFLER
United States Attorney

s/ Yvonne Lamoureux
Assistant U.S. Attorney
United States of America

**CERTIFICATE OF SERVICE**

I hereby certify that on March 13, 2012, a copy
of the foregoing was served electronically on:

M.J. Haden
Nelson Traverso
Tim Dooley

s/ Yvonne Lamoureux
Office of they U.S. Attorney

U.S. v. Cox et al
3:11-cr-00022-RJB                    6