UNITED STATES DISTRICT COURT
DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. CR11-00022RJB |
| Plaintiff, | |
| | ORDER GRANTING DEFENDANT'S MOTION FOR DISCOVERY |
| v. | |
| FRANCIS SCHAEFFER COX, | |
| Defendant. | |

This matter having come before the court on the defendant's Motion for Discovery (Dkt.

712). The court is familiar with the Motion and Memorandum and plaintiff's response (Dkt.

719). The motion should be granted to the limited extent referred to below.

This matter comes on for resentencing on remand from the Ninth Circuit Court of

Appeals. The resentencing is a totally new proceeding because the offenses for which Mr. Cox

will be sentenced are different than those at his original sentencing. It is appropriate that the

parties view the resentencing as a new proceeding that is subject to disclosures by both sides in

accord with the law.

The disclosure requirements of *Brady v Maryland*, 373 U.S. 83 (1963), *Giglio v United*

*States,* 405 U.S. 150 (1972) and *Kyles v Whitley*, 514 U.S. 419, 437 (1995) apply to sentencing.

The materiality of information which must be disclosed for sentencing is linked to the factual

issues that the court must determine at sentencing. Information may be material, under *Brady*, for sentencing, even if it did not have to be disclosed before trial. *Cone v Bell*, 556 U.S. 449, 473 (2009).

Accordingly, the government should evaluate and make its disclosure determinations as follows: If the information is favorable to Mr. Cox, that is, if it would help bolster his case at sentencing, or be inconsistent with or contradict claims made by the government at Mr. Cox's previous sentencing, it should be disclosed to the defense. If doubt exists, and doubt should be resolved in favor of the defendant and full disclosure made. The government should, therefore, disclose all information with might be reasonably considered favorable to the defendant's case at sentencing, even if the information or evidence is not admissible, so long as it is reasonably likely to lead to admissible evidence or information. If the government has information or evidence that meets this standard, but believes that it should not be disclosed based on an assertion of privilege, it should notify the defendant that it is asserting a privilege and submit that information to the court for *in camera* review and determination. The government should seek out *Brady* information from all law enforcement agencies involved in the investigation of Mr. Cox and to provide such information that could be considered mitigating in regard to sentencing.

Specifically, the government should disclose to the court *in camera* the total amount paid to all informants and should identify how those payments were characterized, that is, expenses, relocation costs, lump sum payments, or performance incentives, regardless of whether such payments were made before or after the conclusion of the trial, and may also submit briefing on why such information should not be disclosed to the defense.

The defendant and the court should respect indications by plaintiff's counsel that specific information does not exist.

ORDER GRANTING DEFENDANT'S MOTION
FOR DISCOVERY- 2

1    To the above-stated extent, the Motion for Discovery is GRANTED.

2    The Clerk is directed to send uncertified copies of this Order to all counsel of record and

3  to any party appearing *pro se* at said party's last known address.

4    Dated this 5th day of February, 2019.  .

5

6    ROBERT J. BRYAN
     United States District Judge

7

ORDER GRANTING DEFENDANT'S MOTION
FOR DISCOVERY- 3