UNITED STATES DISTRICT COURT
DISTRICT OF ALASKA

FRANCIS SCHAEFFER COX,

                   Petitioner,

     v.

UNITED STATES OF AMERICA

                 Respondent.

CASE NO. CR11-00022RJB

ORDER DENYING MOTION FOR
WRIT OF AUDITA QUERELA
PURSUANT TO ALL WRITS
ACT, 28 U.S.C. § 1651

This case comes before the court on the above-referenced motion (Dkt. 704). The court is familiar with the records and files herein, all documents filed in support of and in opposition to the motion, the events of the trial, and is fully advised. For the reasons stated herein, the motion should be denied.

After a lengthy trial with two co-defendants, Mr. Cox was convicted by a jury of seven firearm counts, a conspiracy count, and a solicitation count. He was acquitted by the jury of two firearms counts (*see* Verdict Form, Dkt. 432). He appealed his convictions and the Ninth Circuit Court of Appeals affirmed all convictions with the exception of the charge of Solicitation to Murder Federal Officers. That sole conviction was reversed, and the matter was remanded to the

1 District Court for resentencing (*see* Ninth Circuit Memorandum Opinion in Ninth Circuit Cause

2 Number 13-30000, Dkt. 683).[1]

3       Following issuance of the Ninth Circuit's Memorandum Opinion, Mr. Cox petitioned for

4 rehearing and for rehearing *en banc*. Those petitions were denied (Dkt. 687), and on November

5 15, 2018, the Mandate was issued (Dkt. 688).

6       The matter has been set for resentencing before the undersigned on May 30, 2019.

7       Petitioner describes the procedure that would lead to the issuance of a writ of audita

8 querela as follows:

9       According to the Ninth Circuit, "the writ of *audita querela* can only be available where
there is a *legal* objection to a conviction which has arisen subsequent to that conviction,

10 and which is not redressable pursuant to another post-conviction remedy." *Doe v INS*,
120 F.3d 200, 204 (9th Cir. 1997) (quoting *United States v Holder*, 936 F.2d 1, 5 (1st Cir.

11 1991)(emphasis in original).

12       Petitioner alleges further that,

13       Such a legal objection arose in Mr. Cox's case when the Ninth Circuit vacated Count 16
of the judgment, solicitation of others to engage in the murder of an officer or employee

14 of the United States, on jurisdictional grounds – specifically, "because the federal 'hit
team' that the security team was supposed to guard against [at the television station

15 KJNP] did not exist."

16 Dkt. 704 at 1-2 (citing Ninth Circuit's Memorandum Opinion, Dkt. 683 at 4).

17       Petitioner argues, "That jurisdictional holding, in turn, cracked the foundation of the

18 jury's verdict on the conspiracy count." Dkt. 704 at 2.

19       Mr. Cox's argument fails on a number of grounds: First, the elements of the solicitation

20 count and the conspiracy to murder count are very different. *See* Court's Instructions to the Jury,

21 Dkt. 430, Instruction Number 46, re: Conspiracy to Murder Officers and Employees of the

22

23 _____

24     [1] Citations to Ninth Circuit documents are to the District Court docket numbers where
they can be found.

United States, and Instruction Number 52, re:  Solicitation to Murder an Officer of the United

States.  The grounds for reversal of the solicitation charge did not "crack the foundation of the

jury's verdict" on the conspiracy count.

Second, the basic argument that the solicitation charge and the conspiracy charge should

have been treated the same way by the Ninth Circuit is undermined by the Ninth Circuit's

Memorandum Opinion, Dkt. 683, which makes it clear to this court that the Ninth Circuit court

considered the argument Petitioner now makes regarding the actual existence of targets of the

conspiracy and of the solicitation.

Third, the argument that the Ninth Circuit's opinion gave rise to a new argument for

attacking the conspiracy count did not arise after the Petitioner's final conviction, which

occurred with the issuance of the Mandate (Dkt. 688) <u>after</u> the Petitioner had the opportunity to

move for rehearing and rehearing *en banc*, in the Ninth Circuit (Dkt. 687).  His conviction was

final after that opportunity for rehearing and rehearing *en banc*, when the Mandate was issued on

November 15, 2017 (Dkt. 688).

Fourth, the Ninth Circuit, in its Memorandum Opinion (Dkt. 683), carefully considered

the sufficiency of the evidence in the case, as well as the jury instructions, and to now grant the

Petitioner's Motion for a Writ of *Audita Querela* would be to reverse the opinion of the Ninth

Circuit.  That, a trial judge cannot do.

The undersigned respectfully declines to re-examine the evidence in the case and the jury

instructions as the pleadings in support of and in opposition to the motion seem to urge.  This

motion appears to be an attempt to re-litigate the sufficiency of the evidence and the accuracy

and sufficiency of the jury instructions, which this court should not do.  The Petitioner's

ORDER DENYING MOTION FOR WRIT OF
AUDITA QUERELA PURSUANT TO ALL WRITS
ACT, 28 U.S.C. § 1651 - 3

conviction was finalized with the Mandate of the Ninth Circuit, and no legal objections to that

conviction have arisen after the finalized conviction.

The Motion for Writ of *Audita Querela* Pursuant to All Writs Act, 28 U.S.C. § 1651

(Dkt. 704) is DENIED.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and

to any party appearing *pro se* at said party's last known address, and to the Probation Office.

Dated this 26th day of February, 2019.

ROBERT J. BRYAN
United States District Judge

ORDER DENYING MOTION FOR WRIT OF
AUDITA QUERELA PURSUANT TO ALL WRITS
ACT, 28 U.S.C. § 1651 - 4