UNITED STATES DISTRICT COURT
DISTRICT OF ALASKA

FRANCIS SCHAEFFER COX,

                          Petitioner,

            v.

UNITED STATES OF AMERICA,

                          Respondent.

CASE NO. CR11-00022RJB

ORDER DENYING MOTION
UNDER 28 U.S.C. § 2255 AND
GRANTING, IN PART, AND
DENYING, IN PART,
CERTIFICATE OF
APPEALABILITY

This matter comes before the Court on Petitioner's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct a Sentence by a Person in Federal Custody. Dkt. 787. The Court has considered the pleadings filed regarding the motion, oral argument on June 20, 2023 and the remaining file. It is fully advised.

## I.        BACKGROUND FACTS AND PROCEDURAL HISTORY

After a lengthy trial, Mr. Cox was convicted of conspiracy to possess unregistered weapons, possession of unregistered weapons, possession of a machine gun, possession of a homemade silencer, conspiracy to murder federal officials, and solicitation to murder an officer of the United States. Dkt. 561. He appealed his convictions. Dkt. 563. On August 17, 2017, the Ninth Circuit Court of Appeals affirmed the Court's instructions, affirmed the sufficiency of the

evidence regarding the conspiracy count, affirmed the conspiracy conviction, vacated the solicitation conviction, vacated his sentence, and remanded the case for resentencing. *United States v. Cox*, 705 Fed. Appx. 573, 576 (9th Cir. 2017)(filed in the record and referred to in this opinion at Dkt. 683). On November 7, 2019, Mr. Cox was resentenced to 188 months for his conviction on the conspiracy count, with other lessor sentences to run concurrently. The resentencing was for these offenses:

- Count one: conspiracy to possess unregistered silencers and destructive devices (hand grenades and 37mm launcher combined with "Hornet's Nest" anti-personnel rounds) in violation of 18 U.S.C. § 371,

- Count two: possession of unregistered destructive devices (hand grenades) in violation of 26 U.S.C. § 5861(d) and 5871;

- Count three: possession of unregistered silencer in violation of 26 U.S.C. § 5861(d) and 5871;

- Count four: possession of an unregistered machine gun in violation of 26 U.S.C. § 5861(d) and 5871;

- Count five: illegal possession of a machine gun in violation of 18 U.S.C. § 922(o) and 924(a)(2);

- Count six: making of a silencer in violation of 26 U.S.C. § 5861(f) and 5871;

- Count ten: possession of unregistered destructive devices (Hornet's Nest anti-personnel rounds and 37mm launcher) in violation of 26 U.S.C. § 5861(d) and 5871; and

- Count twelve: conspiracy to commit murder of federal officials in violation of 18 U.S.C. § 1117 and 1114.

Dkt. 765. Cox then filed a motion for a *writ of audita querela*, which was denied by the Ninth Circuit Court of Appeals. *United States v. Cox*, 19-30254, 2021 WL 4705233, at *1 (9th Cir. Oct. 8, 2021), *cert. denied*, 142 S. Ct. 1174 (2022) )(filed in the record and referred to in this opinion at Dkt. 779). On February 17, 2023, the Petitioner filed the instant Motion under 28

ORDER DENYING MOTION UNDER 28 U.S.C. §
2255 AND GRANTING, IN PART, AND
DENYING, IN PART, CERTIFICATE OF
APPEALABILITY- 2

Case 3:11-cr-00022-RJB   Document 802   Filed 06/27/23   Page 2 of 20

U.S.C. §2255 to Vacate, Set Aside, or Correct a Sentence by a Person in Federal Custody, attacking his convictions on Counts 3, 4, 5, 6, 10, and 12. Dkt. 787. He raises the following grounds: "(1) a new trial is necessary on conspiracy count (Count 12) after the Ninth Circuit's holding on solicitation undercut the most likely basis for the jury's conviction on the conspiracy, (2) a new trial is necessary because Cox received ineffective assistance by his trial counsel, and (3) Counts 3, 4, 5, and 6, and 10 are unconstitutional under the Second Amendment as interpreted by *New York State Rifle & Pistol Ass'n, Inc. v. Bruen,* 142 S. Ct. 2111 (2022), and the convictions for those counts must be vacated." Dkt. 787.

Mr. Cox has completed his prison sentence on all convictions except for the 188 month sentence on Count 12 – conspiracy to commit murder. The Bureau of Prisons reports that his anticipated release date is September 6, 2024. He is facing supervised release time of three and five years to be served concurrently after his release from custody.

## II. <u>DISCUSSION</u>

### A. 28 U.S.C. § 2255 STANDARD OF REVIEW

A prisoner in custody pursuant to a judgment and sentence imposed by the federal court, who claims the right to be released on the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court that imposed the sentence to vacate, set aside or correct the sentence. 28 U.S.C. § 2255.

### B. EVIDENTIARY HEARING

A petitioner is entitled to an evidentiary hearing on the motion to vacate a sentence under 28 U.S.C. § 2255 unless the motions, files, and records of the case conclusively show that the

ORDER DENYING MOTION UNDER 28 U.S.C. §
2255 AND GRANTING, IN PART, AND
DENYING, IN PART, CERTIFICATE OF
APPEALABILITY - 3

prisoner is entitled to no relief.  This inquiry necessitates a twofold analysis: (1) whether the petitioner's allegations specifically delineate the factual basis of the claim, and (2) even where the allegations are specific, whether the records, files, and affidavits are conclusive against the petitioner.  *United States v. Taylor*, 648 F.2d 565, 573 (9th Cir. 1981).

Mr. Cox has not demonstrated that he is entitled to an evidentiary hearing on this petition.  The petitioner has the burden of establishing the need for an evidentiary hearing.  *Baumann v. United States*, 692 F.2d 565, 571 (9th Cir. 1982).  The threshold test for determining if the petitioner has met this burden is whether the petitioner's allegations, if proved, would establish the right to collateral relief.  *Townsend v. Sain*, 372 U.S. 293, 307 (1963).

In this case, Mr. Cox should not be accorded an evidentiary hearing because his claims are conclusively without merit as demonstrated by the record before the Court.  *See Blackledge v. Allison*, 431 U.S. 63, 73-74 (1977); *Shah v. United States*, 878 F.2d 1156, 1158 (9th Cir. 1989).  He has not shown that his allegations, even if proved beyond what the record now shows, establish the right to collateral relief.  *Townsend* at 307.

**C.  TIMELINESS**

A § 2255 motion is timely if it is filed within one year of "the date on which the judgment of conviction becomes final." 28 U.S.C. § 2255(f)(1).  In the context of postconviction relief, finality attaches when the U.S. Supreme Court affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari, or when the time for filing a certiorari petition expires.  *Clay v. United States,* 537 U.S. 522, 527 (2003).

The Petitioner's second petition for a writ of certiorari with the United Supreme Court was denied on February 22, 2022.  Dkt. 782.  Petitioner filed this motion on February 17, 2023.  Dkt. 787.  His motion is timely.

ORDER DENYING MOTION UNDER 28 U.S.C. §
2255 AND GRANTING, IN PART, AND
DENYING, IN PART, CERTIFICATE OF
APPEALABILITY - 4

**D. PROCEDURAL BAR**

With certain exceptions, (for example ineffective assistance of counsel claims), a petitioner may not raise a claim in a Section 2255 motion that he or she failed to raise on direct appeal. *See Massaro v. United States*, 538 U.S. 500, 504 (2003); *see also United States v. Schlesinger*, 49 F.3d 483, 485 (9th Cir. 1994). In Petitioner's direct appeal, heard by the Ninth Circuit Court of Appeals on the merits, the court affirmed the conspiracy conviction and the sufficiency of the evidence on that charge, affirmed the jury instructions, and affirmed the Court's evidentiary rulings. Dkt. 683. The sufficiency of the evidence ruling was repeated in the Court's denial of Petitioner's motion for a *writ of audita quelera*. Dkt. 779. This Court is obligated to follow those findings under the rule announced in *Sanders v. United States,* 373 U.S. 1 (1963): "Controlling weight may be given to denial of a prior application for relief under § 2255 only if (1) the same ground presented in the subsequent application was determined adversely to the applicant on the prior application, (2) the prior determination was on the merits, and (3) ends of justice would not be served by reaching the merits of the subsequent application." *Sanders v. United States,* 373 U.S. 1 (1963). Those grounds were restated in United States v. *Lummi Indian Tribe,* 235 F.3d 443, 452-53 (9th Cir. 2000) as follows: "(1) the first decision was clearly erroneous; (2) an intervening change in the law occurred; (3) the evidence on remand was substantially different; (4) other changed circumstances exist; or (5) a manifest justice would otherwise result."

In particular, the sufficiency of the evidence on the conspiracy charge has been presented to the Court and ruled on, on the merits. The Circuit's decision was not clearly erroneous, there was no change in the law, and the evidence has not changed. Petitioner's desire to reopen that issue on the claim of new legal analysis seems to be a re-run based on new argument, but without

ORDER DENYING MOTION UNDER 28 U.S.C. §
2255 AND GRANTING, IN PART, AND
DENYING, IN PART, CERTIFICATE OF
APPEALABILITY - 5

Case 3:11-cr-00022-RJB   Document 802   Filed 06/27/23   Page 5 of 20

1  a real change to the Circuit's decision on sufficiency.  Reopening the issue would not serve the

2  ends of justice.

3       Nevertheless, if a criminal defendant could have raised a claim of error on direct appeal

4  but nonetheless failed to do so, to raise the issue he must demonstrate both:  (1) cause excusing

5  his procedural default, and (2) actual prejudice resulting from the claim of error.  *United States v.*

6  *Frady*, 456 U.S. 152, 168 (1982).  "Alternatively, a petitioner can show actual innocence to

7  overcome procedural default."  *United States v. Pollard,* 20 F. 4th 1252, 1256 n.2 (9th Cir. 2021).

8  Mr. Cox fails to demonstrate that he was actually innocent.

9            1.  <u>Procedural Bar on Ground 1 – "A New Trial is Necessary on the Conspiracy</u>
                 <u>Count 12 after the Ninth Circuit's Holding on Solicitation Undercut the Most</u>
10               <u>Likely Basis for the Jury's Conviction on Conspiracy"</u>

11      To repeat, where a petitioner has raised a precise claim on direct appeal and it has been

12  rejected, the claim cannot be the basis of a § 2255 motion.  *United States v. Reed,* 759 F.2d 699,

13  701 (1985).  Mr. Cox raised the issue of the sufficiency of the evidence on the conspiracy to

14  commit murder count on direct appeal.  On August 17, 2017, the Ninth Circuit Court of Appeals

15  specifically ruled that the evidence was sufficient to support this conspiracy count.  Dkt. 683.

16  The case was remanded for resentencing after the solicitation count was vacated.  *Id.*  Mr. Cox

17  filed a motion for a *writ of audita querela*, which was denied by this Court on February 26, 2019.

18  Dkt. 723.  On October 8, 2021, the Ninth Circuit Court of Appeals affirmed the denial.  Dkt. 779.

19  While that opinion indicated that he was precluded from seeking relief under the *writ of audita*

20  *querela* because he could pursue the same relief in a § 2255 motion, it also held that: "Cox

21  reiterates his insufficiency-of-the-evidence argument, but the parties agree that we are bound by

22  the prior panel's decision rejecting this claim. For the reasons set forth in the prior disposition,

23  we again reject Cox's insufficiency argument." *Id.*  The relief Petitioner requested in his *writ of*

24

ORDER DENYING MOTION UNDER 28 U.S.C. §
2255 AND GRANTING, IN PART, AND
DENYING, IN PART, CERTIFICATE OF
APPEALABILITY - 6

*audita querela* petition was here presented in Cox's § 2255 motion, but is here again rejected due to the previous findings in the Ninth Circuit.  Dkts. 683 and 779.

Mr. Cox has raised the precise issue in Ground 1 and it was rejected twice.  Mr. Cox maintains that the claim in this § 2255 motion is not the "precise" claim because here he is seeking a new trial and on direct appeal he sought vacation of the conviction and to bar retrial, and his legal arguments have changed.  Dkt. 797.  Mr. Cox's assertion is unavailing.  In the circumstances here, the relief sought is immaterial – the precise underpinnings for the relief – the sufficiency of the evidence for the conspiracy to commit murder Count 12 - has been raised and rejected repeatedly.  He is procedurally barred from raising the same argument again on his habeas corpus petition.

### 2.  Procedural Bar on Ground 3 – Weapons Charges Counts 3-6 and 10

Mr. Cox concedes that he failed to raise Ground 3, related to the weapons counts, on direct appeal.  Dkt. 797.  He maintains that any procedural default is excused by cause and prejudice.  *Id.*  Procedural default is an affirmative defense; once the government establishes the petitioner's procedural default, as it has here regarding Ground 3, the burden shifts to the petitioner to demonstrate cause and prejudice. *United States v. Werle,* 35 F.4th 1195, 1201-02 (9th Cir. 2022).

### a.  *Cause*

Mr. Cox maintains that the cause of his procedural default on Ground 3 was that the argument was futile at the time.  Dkt. 797.  The cause requirement may be satisfied when the petitioner fails to raise a claim which, at the time, had "no reasonable basis in existing law." *Werle* at 1200 (*quoting Reed v. Ross,* 468 U.S. 1, 15 (1984)).  While "futility cannot constitute cause if it means simply that a claim was 'unacceptable to that particular court at that particular

ORDER DENYING MOTION UNDER 28 U.S.C. §
2255 AND GRANTING, IN PART, AND
DENYING, IN PART, CERTIFICATE OF
APPEALABILITY - 7

Case 3:11-cr-00022-RJB   Document 802   Filed 06/27/23   Page 7 of 20

time," *Id.* (*quoting Bousley v. United States,* 523 U.S. 614, 623 (1998)), "futility can constitute cause if it means that a claim has been unacceptable to a near-unanimous body of lower courts for a sustained period," *Id.* at 1201.

Mr. Cox asserts that his conviction for the possession of unregistered weapons (count 3 (silencer), count 4 (machine gun), count 10 (Hornet's Nest anti-personnel rounds and 37mm launcher) in violation of 26 U.S.C. 5861(d) and 5871, illegal possession of a machine gun in violation of 18 U.S.C. § 922(o) and 924(a)(2) (count 5), and the making of a silencer in violation of 26 U.S.C. § 5861(f) and 5871 (count 6) violates the Second Amendment. Dkts. 787 and 797. He maintains that his argument has been "unacceptable to a near-unanimous body of lower courts." Dkt. 797. Mr. Cox fails to cite to any cases that support his position. He has failed to carry his burden that his argument regarding constitutionality of the statutes was futile.

> b. *Prejudice*

Even if Mr. Cox had shown cause, he still must show prejudice as a result of the procedural default. He maintains that the statutes on which the weapons counts were based are unconstitutional and so he suffered actual prejudice. Dkt. 797. As provided below in the Ground 3 analysis on the merits, none of the statutes that he challenges as unconstitutional violate the Constitution.

> 3. Conclusion

Mr. Cox has already raised Ground 1 on direct appeal and the claim was rejected so that claim is procedurally barred. He has not shown cause and prejudice and so has not demonstrated that his procedural default on Ground 3 was excused. Nevertheless, the Ground 3 claims will be considered on the merits here, to further analyze Petitioner's claim.

ORDER DENYING MOTION UNDER 28 U.S.C. §
2255 AND GRANTING, IN PART, AND
DENYING, IN PART, CERTIFICATE OF
APPEALABILITY - 8

**E. MERITS - GROUND 1 – "A NEW TRIAL IS NECESSARY ON THE CONSPIRACY COUNT AFTER THE NINTH CIRCUIT'S HOLDING ON SOLICITATION UNDERCUT THE MOST LIKELY BASIS FOR THE JURY'S CONVICTION ON THE CONSPIRACY" – COUNT 12**

As has been found by the Ninth Circuit Court of Appeals, the evidence at trial was sufficient to support a conviction on the conspiracy to commit murder, Count 12. The Circuit Court's rulings forbid reopening this issue.

**F. MERITS - GROUND 2 – "A NEW TRIAL IS NECESSARY BECAUSE COX RECEIVED INEFFECTIVE ASSISTANCE BY HIS TRIAL COUNSEL"**

To prove a constitutional violation of ineffective assistance of counsel, Mr. Cox must demonstrate that (1) "counsel's performance was deficient," and (2) "the deficient performance prejudiced the defense." *Strickland v. Washington,* 466 U.S. 668, 687 (1984).

Petitioner raises five separate claims regarding trial counsel's alleged deficient performance. Each will be considered.

        1.   Counsel "Failed to Bring a Coherent Rule 29 Motion for Acquittal to the Solicitation Count"

The failure to make a Rule 29(b) motion for acquittal does not constitute ineffective assistance of counsel, especially when the crimes charged "were supported by sufficient evidence." *United States v. Feldman*, 853 F.2d 648, 665–66 (9th Cir.1988).

Counsel's failure to move for acquittal on the solicitation count based on the sufficiency of the evidence on the theory now advanced by Mr. Cox, was not deficient as to his conviction on the conspiracy count. There is no support for Mr. Cox's supposition that a Rule 29 motion for acquittal on the solicitation charge would have been granted or that it would then have led to a change in the jury's decision to convict him on the conspiracy count. There was sufficient evidence to convict him on the conspiracy count separate and apart from the evidence for the solicitation count, as the Ninth Circuit has found (Dkt. 683). The instructions set out in detail the

ORDER DENYING MOTION UNDER 28 U.S.C. §
2255 AND GRANTING, IN PART, AND
DENYING, IN PART, CERTIFICATE OF
APPEALABILITY - 9

Case 3:11-cr-00022-RJB   Document 802   Filed 06/27/23   Page 9 of 20

relationship between the conspiracy count (instructions 46 and 47) and solicitation count (instruction 52). As found by the Ninth Circuit, removal of the solicitation count did not effect the viability of the conspiracy count. Defense counsel did not err in failing to move for dismissal of the solicitation charge.

> 2. Counsel "Failed to Distinguish Employees of the Federal Government from those Employed by the State Government, thereby Neglecting to put the Government to its Proof regarding an Essential Element of Conspiracy to Murder Federal Officers or Employees"

Counsel's performance regarding the references to federal and state employees was not deficient. This was a month long trial with extensive testimony. In their closing arguments, counsel for Mr. Cox (Mr. Traverso) and Mr. Barney (Mr. Dooley) chose not to argue each element of the offenses charged. They raised overall challenges to the government's theories and evidence, without covering the elements of the charges in detail. This approach is not contrary to *Strickland*. Contrary to Mr. Cox's selective citation to the record, employees of local and state governments and federal employees were not unfairly confused in the evidence or argument. Both state and federal employees had substantial roles in the government's theory of the case, and were discussed in evidence and argument. Defense counsel did not fail to put the government to its proof considering the totality of the evidence, argument, and the Court's instructions. Furthermore, the jury instructions, which were approved by the Ninth Circuit Court of Appeals (Dkt. 683), clearly required that the objects of the conspiracy to commit murder were federal officials (instructions 46 and 47).

Additionally, there was no convincing showing of a likely prejudice based on counsel's arguments.

> 3. Counsel "Failed to Request Entrapment Instruction, Particularly with Respect to the Government's Instruction to Informant Olson to Seek Anderson's

ORDER DENYING MOTION UNDER 28 U.S.C. § 2255 AND GRANTING, IN PART, AND DENYING, IN PART, CERTIFICATE OF APPEALABILITY -10-

Case 3:11-cr-00022-RJB    Document 802    Filed 06/27/23    Page 10 of 20

      Database and its Reliance on Episodes in which the Codefendants sought the Database to prove the Conspiracy Count"

Counsel's performance was not deficient in the decision not to formally request an entrapment instruction. Counsel did request an entrapment instruction during the jury instruction conference. It was not given. In order to receive an entrapment instruction, two elements are required: (1) the defendant was induced to commit the crime by a government agent and (2) that defendant was not otherwise predisposed to commit the crime. *United States v. Barry,* 814 F.2d 1400, 1401 (9th Cir. 1987). There was no evidence adduced at trial that Mr. Cox was ready to admit to a crime, even to his counsel. Furthermore, the failure to request (or give) an entrapment instruction was not prejudicial. The evidence was sufficient to show pressures on Mr. Cox, but not enough to show that he was induced to commit a crime. Furthermore, there was no evidence of a lack of predisposition. The evidence did not support an entrapment instruction.

      4.   Counsel "Failed to Request Other Instructions, Including an Explicit *Mens Rea* Instruction for the Conspiracy Count and that the Jury must be Unanimous as to the Specific Conspiracy to Murder Federal Officials and as to the Specific Victim(s)"

On the outset, the undersigned notes that the Ninth Circuit Court of Appeals has already considered and approved the jury instructions given in this case on direct appeal. Dkt. 683. The burden of proof (*mens rea*) and unanimity for the conspiracy overt acts instruction was fully set out in instructions 46 and 47. Further instruction on these subjects were not required. Counsel's actions regarding these proposed instructions was not deficient. Furthermore, had counsel requested them, they would not have been given, so no prejudice resulted from counsel's conduct.

      5.   Counsel's "Cumulative Errors Prejudiced Cox"

ORDER DENYING MOTION UNDER 28 U.S.C. § 2255 AND GRANTING, IN PART, AND DENYING, IN PART, CERTIFICATE OF APPEALABILITY - 11

1  There were no errors which would justify concern over cumulative error. Counsel's

2  conduct was not deficient and did not prejudice the defense. *Strickland* at 687.

3  **G. MERITS - GROUND 3 – "COUNTS 3, 4, 5, 6, AND 10 ARE UNCONSTITUTIONAL UNDER THE SECOND AMENDMENT AS INTERPRETED BY *BRUEN* AND THE CONVICTIONS FOR THOSE COUNTS MUST BE VACATED"**

4

5  Mr. Cox challenges his conviction and sentence pursuant to *Bruen* on the following counts:

6

7  Count three: possession of unregistered silencer in violation of 26 U.S.C. § 5861(d) and 5871;

8  Count four: possession of an unregistered machine gun in violation of 26 U.S.C. § 5861(d) and 5871;

9

10  Count five: illegal possession of a machine gun in violation of 18 U.S.C. § 922(o) and 924(a)(2);

11  Count six: making of a silencer in violation of 26 U.S.C. § 5861(f) and 5871;

12  Count ten: possession of unregistered destructive devices (Hornet's Nest anti-personnel rounds and 37mm launcher) in violation of 26 U.S.C. § 5861(d) and 5871.

13

14  Dkt. 787. He contends that his conviction under these statutes violates the Second Amendment.

15  The Second Amendment to the U.S. Constitution provides that "[a] well regulated

16  Militia, being necessary to the security of a free State, the right of the people to keep and bear

17  Arms, shall not be infringed."

18  The Second Amendment protects "a personal right to keep and bear arms for lawful

19  purposes, most notably for self-defense within the home." *McDonald v. City of Chicago, Ill.,*

20  561 U.S. 742, 764 (2010). This Second Amendment right "is not unlimited." *D.C. v. Heller*,

21  554 U.S. 570, 619 (2008). It protects the "law-abiding, responsible" person's possession of

22  arms. *Id.* at 635. The Supreme Court in *Heller* noted:

23  From Blackstone through the 19th-century cases, commentators and courts routinely explained that the right was not a right to keep and carry any weapon

24

ORDER DENYING MOTION UNDER 28 U.S.C. § 2255 AND GRANTING, IN PART, AND DENYING, IN PART, CERTIFICATE OF APPEALABILITY - 12

Case 3:11-cr-00022-RJB   Document 802   Filed 06/27/23   Page 12 of 20

whatsoever in any manner whatsoever and for whatever purpose. For example, the majority of the 19th-century courts to consider the question held that prohibitions on carrying concealed weapons were lawful under the Second Amendment or state analogues. Although we do not undertake an exhaustive historical analysis today of the full scope of the Second Amendment, nothing in our opinion should be taken to cast doubt on longstanding prohibitions on the possession of firearms by felons and the mentally ill, or laws forbidding the carrying of firearms in sensitive places such as schools and government buildings, or laws imposing conditions and qualifications on the commercial sale of arms.

*Id.* at 626-627.  The *Heller* Court also "recognized another important limitation on the right to keep and carry arms . . . the sorts of weapons protected were those 'in common use at the time.'" *Id.* at 627.  *Heller's* list of permitted prohibitions on arms use, possession, and sale does not purport to be exhaustive.  *Id.* at 626 n. 26.

In determining whether 26 U.S.C. § 5861(d) and 5871 (requiring that the Petitioner register the silencer, machine gun, Hornet's Nest anti-personnel rounds, and 37mm launcher), 26 U.S.C. § 5861(f) and 5871 (prohibiting the manufacture of the silencer without paying a required tax or registering as a manufacturer), and 18 U.S.C. § 922(o) and 924(a)(2) (prohibiting the possession of a machine gun) violates the Petitioner's Second Amendment rights, the test announced in *Bruen* applies.

"*Bruen* step one involves a threshold inquiry."  *United States v. Alaniz,* 22-30141, 2023 WL 3961124, at *3 (9th Cir. June 13, 2023).  First to be considered under *Bruen,* is considering the plain text of the Second Amendment: (a) whether the "challenger is part of 'the people' whom the Second Amendment protects," (b) whether the "weapon at issue is 'in common use' today for self-defense," and (c) whether the "proposed course of conduct falls within the Second Amendment."  *Id.*; *Bruen* at 2126, 2129-2130.  If so, the "Constitution presumptively protects that conduct."  *Id.*

ORDER DENYING MOTION UNDER 28 U.S.C. § 2255 AND GRANTING, IN PART, AND DENYING, IN PART, CERTIFICATE OF APPEALABILITY -13

Second, if the threshold requirements are met, under *Bruen,* the burden shifts to proponents of the law to justify the challenged law "by demonstrating that it is consistent with the Nation's historical tradition of firearm regulation." *Id.* at 2126 and 2130.

### 1. *Bruen* Step One – Plain Text Threshold Inquiry

The Petitioner's Ground 3 fails at *Bruen*'s three-part threshold inquiry, referred to below as parts (a)-(c).

As to (a), it is clear, based on the evidence adduced at trial, that the Petitioner was not part of "the people" whom the Second Amendment protects. His conduct was not that of a "law-abiding responsible" person. *Heller* at 635. His claims of self defense were aimed at governmental actors, acting within governmental authority. Claims of self defense were spurious.

In regard to (b), whether the "weapons" at issue here are in "common use today, for self defense," they are not. *Alaniz* at 3. The alleged arms at issue here are a silencer, machine gun, Hornet's Nest anti-personnel rounds, and 37mm launcher.

Silencers are firearms accessories and not "arms" for purposes of Second Amendment Protection. *United States v. McCartney*, 357 F. App'x 73, 76 (9th Cir. 2009)(holding "[s]ilencers, grenades, and directional mines are not typically possessed by law-abiding citizens for lawful purposes ... [and] therefore are not protected by the Second Amendment."); *United States v. Cox*, 906 F.3d 1170, 1186 (10th Cir. 2018); *United States v. Villalobos*, 3:19-CR-00040-DCN, 2023 WL 3044770, at *12 (D. Idaho Apr. 21, 2023). A silencer serves no purpose without a firearm and it is not necessary for the functioning of the firearm. *United States v. Saleem,* 2023 WL 2334417, at *10 (W.D.N.C. Mar. 2, 2023). Mr. Cox's convictions on Counts 3 and 6 did not violate his Second Amendment rights because silencers are not "arms."

ORDER DENYING MOTION UNDER 28 U.S.C. §
2255 AND GRANTING, IN PART, AND
DENYING, IN PART, CERTIFICATE OF
APPEALABILITY - 14

1   Mr. Cox asserts that machine guns are "in common use" and so are not "unusual"

2   maintaining that as of May 2021, upwards of 741,146 machine guns were possessed by

3   Americans.  Dkt. 787.  He contends that this number is an underrepresentation because it is only

4   those registered with the Bureau of Alcohol, Tobacco, Firearms and Explosives and those that

5   were "grandfathered when Congress outlawed private possession of machineguns."  *Id.* at 40.

6   Pointing to a concurring opinion in *Caetano v. Massachusetts,* 136 S.Ct. 1027, 1033

7   (2016)(relating to stun guns) and other non-binding district court opinions relating to other

8   weapons, he asserts that these numbers are enough to find that machine guns are "in common

9   use." *Id.*

10   Mr. Cox's assertions are unavailing.  He cites to non-binding precedent relating to other

11   types of weapons.  He fails to argue or point to any support that machine guns are in common

12   use for self defense.  Relying on *Heller,* the Ninth Circuit has held that machine guns fall outside

13   Second Amendment protections because they are both "dangerous and unusual." *U.S. v. Henry,*

14   688 F.3d 637 (9th Cir. 2012).  As stated in *Henry, Heller* indicated that it would be "startling"

15   for the Second Amendment to protect machine guns.  *Henry* at 640.  Although Mr. Cox asserts

16   that *Henry* is no longer valid after *Bruen,* he fails to demonstrate why that is so.  *Bruen* indicated

17   that its holdings were "consistent" and "in keeping" with *Heller* and *McDonald*; accordingly

18   *Bruen* does not overrule *Heller.  Bruen* at 2122, 2126.  Courts are "bound to follow a controlling

19   Supreme Court precedent until it is explicitly overruled by that Court." *United States v. Werle*,

20   35 F.4th 1195, 1201 (9th Cir. 2022)(*cleaned up*).  Further, this Court is bound to follow Ninth

21   Circuit precedent that has not been overruled.  The Petitioner fails to show that *Bruen* overruled

22   *Heller* or *Henry.*  Machine guns are not protected "arms" under the Second Amendment because

23

24

ORDER DENYING MOTION UNDER 28 U.S.C. §
2255 AND GRANTING, IN PART, AND
DENYING, IN PART, CERTIFICATE OF
APPEALABILITY -15

Case 3:11-cr-00022-RJB   Document 802   Filed 06/27/23   Page 15 of 20

they are both "dangerous and unusual" and so Mr. Cox's conviction on Counts 4 and 5 were not a violation of his Constitutional rights.

Mr. Cox fails to demonstrate that destructive devices like Hornet's Nest anti-personnel rounds or the 37mm launcher are "in common use today" much less that they are in common use for self defense. Mr. Cox indicates that he has no figures on how widespread they are – whether they are "unusual." Accordingly, there is no basis to conclude that they are not unusual. He contends that they are not "dangerous," yet that is far from clear. There is no basis to find that they are protected by the plain text of the Second Amendment. (This Court's recall is that the evidence was that the Hornet's Nest rounds and the 37mm launcher spread dangerous anti-personnel rounds over a wide area). His conviction on Count 10 was not a violation of his Constitutional rights.

This opinion will now consider (c) of *Bruen's* threshold test, whether the conduct contemplated by the Petitioner is covered under the Second Amendment. Aside from the act of possession, the other conduct Petitioner engaged in is not covered by the Second Amendment.

Mr. Cox was convicted of possession of an unregistered silencer, machine gun, Hornet's Nest anti-personnel rounds, and 37mm launcher (Counts 3, 4, and 10). The conduct, failing to register these items, is not conduct traditionally protected by the Second Amendment. *See United States v. Serrano,* 2023 WL 2297447 (S.D. Cal. Jan. 17, 2023); *See also United States v. Sredl,* 2023 WL 3597715 (N.D. Ind. May 23, 2023). "A law-abiding citizen is equally able to defend themselves" with a registered firearm "as they are with a firearm not so registered." *Serrano* at *13. Although Mr. Cox discusses an alleged length of time it takes to register weapons in compliance with federal law and maintains that time amounts to an unconstitutional burden, he does not point to any evidence that he attempted to register the weapons. His

ORDER DENYING MOTION UNDER 28 U.S.C. §
2255 AND GRANTING, IN PART, AND
DENYING, IN PART, CERTIFICATE OF
APPEALABILITY-16

decision of possession, without registration, is the charged conduct which is not covered by the Second Amendment. The Petitioner also fails to show that the home manufacture of a silencer (Count 6) is conduct that is protected by the Second Amendment.

Mr. Cox's challenge to the statutes at issue do not pass *Bruen's* threshold inquiry. Even if it had, the Constitution only "presumptively protects" his conduct. *Bruen* at 2126, 2129-2130.

        2. <u>*Bruen* Step Two – Whether Statutes are Consistent with Historical Regulations</u>

At this stage, if Petitioner has passed step one, the burden would shift to the law's proponents to "justify its regulation by demonstrating that it is consistent with the Nation's historical tradition of firearm regulation." *Bruen* at 2126, 2130. In order to show that a law is "consistent with the Nation's historical tradition of firearm regulation," the proponents must point to a historic regulation (or regulations) that is an analogue for the modern firearm regulation at issue. *Id.* at 2132. This inquiry "requires a determination of whether the two regulations are relevantly similar" using at least two metrics: the "how and why the regulations burden a law-abiding citizen's right to armed self-defense." *Id.* at 2133. The proponents need not point to a "historical twin" or a "dead ringer for historical precursors" to pass constitutional muster. *Id.*

The government has shown that the statutes challenged in Ground 3 are consistent with the Nation's historical tradition of firearm regulation. *See* Dkt. 793 at 54-55 (*citing Bruen's* discussion of various laws prohibiting carrying weapons with criminal intent). Additionally, other district courts to consider whether 26 U.S.C. § 5861(d) and 5871 (failure to register) were consistent with the Nation's historical tradition of firearm regulation under *Bruen* have found several sufficient historical analogues. *United States v. Villalobos*, 3:19-CR-00040-DCN, 2023 WL 3044770, at *13 (D. Idaho Apr. 21, 2023); *United States v. Serrano,* 2023 WL 2297447

ORDER DENYING MOTION UNDER 28 U.S.C. § 2255 AND GRANTING, IN PART, AND DENYING, IN PART, CERTIFICATE OF APPEALABILITY - 17

(S.D. Cal. Jan. 17, 2023); *See also United States v. Sredl,* 2023 WL 3597715 (N.D. Ind. May 23, 2023). While these opinions are not binding, their reasoning is sound and is adopted here.

### 3. Conclusion on Ground 3

Mr. Cox has not shown that his convictions on counts 3-6 and 10 were a violation of his Second Amendment rights under *Bruen.* Relief on Ground 3 should be denied.

## H. CERTIFICATE OF APPEALABILITY

Pursuant to Rule 9 of the Rules Governing Section 2255 Proceedings for the United States District Courts, the Court must determine whether to issue a Certificate of Appealability when the Court enters a final order adverse to the Petitioner.

The district court should grant an application for a Certificate of Appealability only if the petitioner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(3). To obtain a Certificate of Appealability under 28 U.S.C. § 2253(c), a habeas petitioner must make a showing that reasonable jurists could debate whether, or agree that, the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

A Certificate of Appealability should issue as to Ground 1 ("a new trial is necessary on the conspiracy count after the Ninth Circuit's holding on Solicitation undercut the most likely basis for the jury's conviction on the conspiracy") and part of Ground 2 ("a new trial is necessary because Cox received ineffective assistance by his trial counsel"). Ground 2 is divided into subclaims. The Certificate of Appealability should be granted to subclaim (b), (d) and (e) only:

> (b) Counsel "Failed to Distinguish Employees of the Federal Government from those Employed by the State Government, thereby Neglecting to put the Government to its Proof regarding an Essential Element of Conspiracy to Murder Federal Officers or Employees,"

ORDER DENYING MOTION UNDER 28 U.S.C. §
2255 AND GRANTING, IN PART, AND
DENYING, IN PART, CERTIFICATE OF
APPEALABILITY - 18

(d) Counsel "Failed to Request Other Instructions, Including an Explicit *Mens Rea* Instruction for the Conspiracy Count and that the Jury must be Unanimous as to the Specific Conspiracy to Murder Federal Officials and as to the Specific Victim(s)," and

(e) Counsel's "Cumulative Errors Prejudiced Cox."

Reasonable jurists could debate whether, or agree that, Ground 1 and Ground 2, subparts (b), (d) and (e) should have been resolved in a different manner or that the issues raised are adequate to deserve encouragement to proceed further.

A Certificate of Appealability should be denied as to Ground 3 ("Counts 3, 4, 5, 6, and 10 are unconstitutional under the Second Amendment as interpreted by *Bruen* and the convictions for those counts must be vacated") and Ground 2, subparts (a) and (c).

## III. ORDER

It is **ORDERED** that:

- Petitioner's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct a Sentence by a Person in Federal Custody (Dkt. 787) **IS DENIED;**

- Petitioner's request for an evidentiary hearing (Dkt. 787) **IS DENIED;** and

- A Certificate of Appealability **IS GRANTED**, in part, as to Ground 1, and Ground 2 subparts (b), (d) and (e), and **IS DENIED,** as to Ground 3 and Ground 2 subparts (a) and (c)**.**

/

/

/

ORDER DENYING MOTION UNDER 28 U.S.C. §
2255 AND GRANTING, IN PART, AND
DENYING, IN PART, CERTIFICATE OF
APPEALABILITY-19

1    The Clerk is directed to send uncertified copies of this Order to all counsel of record and

2   to any party appearing *pro se* at said party's last known address.

3        Dated this 27th day of June, 2023.

4

5

6                                      ROBERT J. BRYAN
                                       United States District Judge

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

ORDER DENYING MOTION UNDER 28 U.S.C. §
2255 AND GRANTING, IN PART, AND
DENYING, IN PART, CERTIFICATE OF
APPEALABILITY- 20