S. LANE TUCKER
United States Attorney

STEPHEN L. CORSO
Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 West Seventh Avenue, #9, Room 253
Anchorage, AK 99513-7567
Phone: (907) 271-5071
Fax: (907) 271-1500
Email: stephen.corso@usdoj.gov

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>FRANCIS SCHAEFFER COX,<br><br>Defendant. | No. 3:11-cr-00022-RJB |

**GOVERNMENT'S OPPOSITION TO COX'S MOTION TO MODIFY
SUPERVISED RELEASE CONDITIONS AT DKT. 809**

The Court should deny Cox's motion to modify his release conditions. He argues that the Court should lift the condition requiring him to comply with a mental health treatment program approved by the Probation Office. (Dkt. 809.) Under 18 U.S.C. § 3583(e) and Fed. R. Crim. P. 32.1, the Court, after considering the sentencing factors in § 3553(a), may modify, reduce, or enlarge the supervised release conditions, at any time before the supervised release term expires or is terminated. *United States v. Bainbridge*,

746 F.3d 943, 946 (9th Cir. 2014). The Ninth Circuit reviews a district court's imposition of a particular supervised release condition for abuse of discretion. *Id.* (citing *United States v. Napulou,* 593 F.3d 1041, 1044 (9th Cir.2010)). Here, the mental health condition is appropriate, and the Court should continue to maintain it.

In its amended judgment imposed on November 11, 2019, the Court maintained the special release condition that Cox "participate in and fully comply with an outpatient mental health treatment program approved by the United States Probation Office." (Dkt . 765.) The Court did so for good reason.

Cox is dangerous, is a manipulator, and is delusional. His crimes were severe. Among other things, Cox used his 'militia' to intimidate, collect information on, and stalk law enforcement personnel and others. His statements were chilling: "I'm not opposed to sending heads in boxes to people." In his trial, Cox testified and denied most everything, and continued his denials and manipulation at his sentencing. The Court doubted whether Cox was capable of knowing when he was telling the truth. While in prison, Cox orchestrated a public relations campaign against the prosecutor and the government, claiming via social media that he was a victim of an anti-gun campaign. For these and similar reasons, the mental health condition is necessary for public safety.

At a minimum, the Court may consider denying the motion without prejudice. Cox is expected to remain in BOP custody for about twelve more months. The Court may wish to revisit this subject after measuring how well Cox re-adjusts after his decade in prison.

Cox's arguments to lift the condition are unpersuasive. Although there may be professional disagreements about the need for psychotherapy, no doctor appears to have

*U.S. v. Cox*
3:11-cr-00022-RJB　　　　　　　　Page 2 of 3
Case 3:11-cr-00022-RJB　　Document 811　　Filed 09/27/23　　Page 2 of 3

given Cox a clean bill of mental health. Treatment, therefore, would help assure the Court that it can trust Cox on supervised release, and provide the public a small and appropriate measure of safety as Cox re-enters society.

RESPECTFULLY SUBMITTED September 27, 2023 at Anchorage, Alaska.

S. LANE TUCKER
United States Attorney

/s Stephen L Corso
STEPHEN L. CORSO
Assistant United States Attorney
United States of America

**CERTIFICATE OF SERVICE**

I hereby certify that on September 27, 2023
a true and correct copy of the foregoing
was served electronically on all counsel of record.

/s Stephen L Corso
Office of the U.S. Attorney

*U.S. v. Cox*
3:11-cr-00022-RJB                         Page 3 of 3
Case 3:11-cr-00022-RJB   Document 811   Filed 09/27/23   Page 3 of 3