**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ALASKA**

UNITED STATES OF AMERICA,

Plaintiff,

v.

FRANCIS SCHAEFFER COX,

Defendant.

Case No. 3:11-cr-00022-SLG

## ORDER ON MOTION FOR EARLY TERMINATION OF SUPERVISED RELEASE

Before the Court at Docket 854 is Defendant Francis Schaeffer Cox's Motion for Early Termination of Supervised Release. The Government filed a response in opposition at Docket 857. At Docket 858, the U.S. Probation Office for the District of Alaska prepared a memorandum indicating that the Probation Office does not support early termination of supervised release.

On January 8, 2013, this Court sentenced Mr. Cox to 310 months' imprisonment and five years of supervised release after he was found guilty of numerous weapons offenses, conspiracy to commit murder, and solicitation to commit a crime of violence.[1] Mr. Cox's sentence was later amended to 188 months' imprisonment and five years of supervised release.[2] On September 6,

[1] Docket 561 at 1-4.

[2] Docket 765 at 1-4 (November 5, 2019 Am. Criminal J.); Docket 835 at 1-4 (September 17, 2024 Am. Criminal J.).

2024, Mr. Cox began his term of supervised release.[3] Mr. Cox's term of supervised release is set to expire on September 5, 2029.[4]

Pursuant to 18 U.S.C. § 3583(e), a court may

> terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice[.]

A district court may only terminate supervised release after considering the factors in § 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7).[5] Those factors are the nature and circumstances of the offense and the history and characteristics of the defendant; the need for the sentence imposed to afford adequate deterrence, protect the public, and provide the defendant with training, care, or correctional treatment; the sentencing range established by the United States Sentencing Guidelines and pertinent policy statements; the need to avoid unwarranted sentencing disparities; and the need to provide restitution.

The Introductory Commentary to United States Sentencing Guideline Part D provides that a court should conduct an individualized assessment when determining whether to impose a term of supervised release and, if one is imposed, the appropriate length of supervised release and its terms. With an individualized

[3] Docket 858 (SEALED) at 1.

[4] Docket 858 (SEALED) at 2.

[5] 18 U.S.C. § 3583(e).

assessment, a “court can ‘assure that [those] who will need post-release supervision will receive it’ while ‘prevent[ing] probation system resources from being wasted on supervisory services for releasees who do not need them.’”[6] Federal Rule of Criminal Procedure 32.1 provides the procedural mechanism for modifying terms of supervised release.

Mr. Cox contends that the Court should termination his supervised release term early because he has had no violations while on supervised release and has remained gainfully employed.[7] Mr. Cox seeks early termination of supervised release “so that international travel becomes less cumbersome.”[8]

The Government opposes early termination of supervised release, maintaining that “[t]he nature and circumstances of Cox’s offense and his history and characteristics, the need to deter Cox and others like him, and the need to protect the public all weigh against early termination.”[9] The Government recounts that Mr. Cox and his co-defendants were heavily armed, sought to intimidate federal and state officials, maintained a hit list of federal officials’ names and other

---

[6] U.S. Sent’g Comm’n Guidelines Manual Ch.5, Pt.D, intro. comment. (Nov. 2025) (quoting S. Rep. No. 98-225, at 54 (1983)).

[7] Docket 854 at 2-3.

[8] Docket 854 at 4.

[9] Docket 857 at 9.

identifying information, and discussed possibly killing federal officials in the future.[10]

The Probation Office memorandum confirms that Mr. Cox has maintained stable employment, traveled abroad without incident, "exhibited mental resilience," and financially supported his children.[11] The Probation Officer states that Mr. Cox has "complied with the orders of the Court, has demonstrated a willingness to successfully reestablish himself in the community, avoided previous criminal associations, engaged in prosocial activities, and shown that he is capable of lawful self-management."[12] The Probation Officer also acknowledges that the conduct underlying Mr. Cox's instant offenses "present[s] concerns of violent rhetoric and threatening behavior," including Mr. Cox's creation of a "hit-list" with names and addresses of individuals that Mr. Cox perceived were a threat to his anti-government causes and Mr. Cox's statements threatening to harm or kill those individuals.[13] As such, the Probation Officer does not support early termination of supervised release.[14]

The Court has considered the applicable § 3553(a) factors. The Court finds that Mr. Cox's success while on supervised release demonstrates that Mr. Cox is

---

[10] Docket 857 at 9.

[11] Docket 858 (SEALED) at 1-2.

[12] Docket 858 (SEALED) at 2.

[13] Docket 858 at 2.

[14] Docket 858 (SEALED) at 2.

working diligently toward becoming a contributing member of society and a law-abiding citizen. However, considering the nature and circumstances of Mr. Cox's offenses, which are very serious and involved Mr. Cox leading anti-government groups and threatening state and federal officials, the need to provide for adequate deterrence, and the need to protect the public, the Court finds that early termination of supervised release is not warranted at this time.

Therefore, Mr. Cox's Motion for Early Termination of Supervised Release at Docket 854 is **DENIED**.

DATED this 14th day of September 2026, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE